

U.S. Department of Justice

**Leah B. Foley**
United States Attorney
District of Massachusetts

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

June 19, 2025

B. Stephanie Siegmann
Damien C. Powell
Hinckley Allen
28 State Street
Boston, MA  02109-1775

      Re:    <u>United States v. Aram Samuel Brunson</u>
             Criminal No. 1:25-cr-10260-PBS

Dear Ms. Siegmann and Mr. Powell:

      The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Aram Samuel Brunson ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

      1.    <u>Change of Plea</u>

      No later than June 20, 2025, Defendant will waive Indictment and plead guilty to Count One of the Information, which charges Defendant with Making a Materially False Statement, in violation of 18 U.S.C. § 1001(a)(2). Defendant admits that he committed the crime specified in this count and is in fact guilty of this offense.

      Defendant agrees to the accuracy of the attached statement of facts.

      2.    <u>Penalties</u>

      Defendant faces the following maximum penalties: incarceration for five years; supervised release for three years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

1

3. <u>Rule 11(c)(1)(C) Plea</u>

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 6:

a) Defendant's base offense level is 6, because he is pleading to a crime of fraud and deceit that has a statutory maximum term of imprisonment less than 20 years (USSG § 2B1.1(a)(2));

b) Defendant's offense level is increased by 2 levels, because his offense involved property damage by use of explosives (USSG §§ 2B1.1(c)(2); 2K1.4(a)(4));

c) Defendant's offense level is increased by 2 levels, because he obstructed justice (USSG § 3C1.1);

d) Defendant's offense level is decreased by 2 levels, because he meets the criteria for a zero-point offender (USSG § 4C1.1); and

e) Defendant's offense level is decreased by 2 levels, because Defendant has accepted responsibility for his crime (USSG § 3E1.1(a)).

The parties will agree that Defendant should receive a downward departure under USSG § 5H1.1, given that Defendant was 19 years old at the time of his crime and their view that a form of punishment other than imprisonment is sufficient to meet the purposes of sentencing.

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.  **Agreed Disposition**

The parties agree on the following sentence:

a) a sentence of time served;

b) a supervised release term of 36 months during which Defendant will be permitted to travel to, and reside in, the Republic of Armenia for the express and sole purpose of completing his undergraduate collegiate education;

c) a fine within the Guidelines range, as calculated by the Court at the time of sentencing, unless the Court determines that Defendant is unable to pay a fine; and

d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing.

In addition to any other conditions that the Court imposes, the parties agree that Defendant will be subject to the following conditions during the entirety of his 36-month term of supervised release:

a) Defendant will appear at court proceedings, as required;

b) Defendant will notify the Court in writing of any change in his address or phone number;

c) Defendant will not commit any new crimes;

d) Defendant will maintain and complete his educational program;

e) Defendant will abide by the travel restrictions described in the "*Foreign Travel*" section below;

f) Defendant will participate in mental health treatment, as ordered by the Court at the time of sentencing; and

g) Defendant will not at any time possess firearms, a destructive device, another dangerous weapon, or explosives.

The parties agree that, after Defendant waives Indictment and pleads guilty to Count One of the Information, the Government will dismiss the Complaint.

*Sentencing:* The parties agree that sentencing in this matter will be delayed until December 2025. If, at any time prior to the sentencing, Defendant withdraws from the American University of Armenia, his sentencing will be scheduled as soon as his Pre-Sentence Report is complete. If the Defendant has withdrawn from the American University of Armenia,, he will not be permitted to return after sentencing to the Republic of Armenia until his term of supervised release is complete.

*Psychiatric Assessment:* During the time between Defendant's plea and his sentencing, the defense will employ Ronald Schouten, MD, JD to perform a psychiatric risk assessment of the Defendant. The defense will share the complete results of that evaluation with the Court and with the government under seal, without any claim of privilege.

*Government Meeting:* During the time between Defendant's plea and his sentencing, Defendant will meet with the government at its request.

*Foreign Travel:* Following entry of his plea, Defendant may travel to the Republic of Armenia for the express and sole purpose of continuing his undergraduate collegiate studies. Defendant is not permitted to travel internationally to any other country (other than through connecting airports) or for any other purpose, unless otherwise approved by the Court. To do so is a violation of this agreement. By September 1, 2025, Defendant will provide the government and Pretrial Services with documents demonstrating his fall 2025 enrollment at the American University of Armenia and his progress toward graduation.

Immediately after his sentencing, as noted above, Defendant will be permitted to return to, and reside in, the Republic of Armenia for the express and sole purpose of completing his undergraduate collegiate studies. Defendant is not permitted to travel internationally to any other country (other than through connecting airports) or for any other purpose, unless otherwise approved by the Court. To do so is a violation of this agreement. Upon the completion of each semester after his plea, Defendant will provide the government and Probation with transcripts demonstrating his previous semester's enrollment at the American University of Armenia and additional documents demonstrating his enrollment for the upcoming semester.

If Defendant re-enters the United States at any time during his 36-month term of supervised release, then he must notify the U.S. Probation Office immediately. He will then submit to active U.S. Probation supervision for the remaining duration of his supervised release term. Defendant will not be permitted to leave the United States for the remaining duration of his supervised release term unless otherwise approved by the Court.

Defendant's failure to fulfill any of the obligations in this section will be a breach of the plea agreement, as further defined in Paragraph 8.

6.   Waiver of Venue

Defendant has the right to be prosecuted for this crime by the United States Attorney's Office for the Northern District of Illinois. Defendant agrees to waive venue, to waive any

applicable statute of limitations, and to waive any legal or procedural defects in the Information.

7. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of a sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

8. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

4

9. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement – including, but not limited to, violating any condition of Defendant's pre-trial release, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*   *   *

//

//

//

//

//

//

//

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Amanda Beck.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: *Nadine Pellegrini*
NADINE PELLEGRINI
Chief, National Security Unit
JASON CASEY
Deputy Chief, National Security Unit

*[signature]*
AMANDA BECK
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge(s) against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
ARAM SAMUEL BRUNSON
Defendant

Date: 6/20/2025

I certify that Aram Samuel Brunson has read this Agreement and that we have discussed what it means. I believe Aram Samuel Brunson understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
B. STEPHANIE SIEGMANN
DAMIEN C. POWELL
Attorneys for Defendant

Date: 6/20/25

7